```
                    UNITED STATES DISTRICT COURT

                     DISTRICT OF NEW HAMPSHIRE
```

United States of America,
    Plaintiff

    v.                                   Case No. 08-cv-499-SM
                                        Opinion No. 2011 DNH 152
David M. Hulick and
Caroline P. Hulick,
    Defendants/
    Counterclaim Plaintiffs

and

State of New Hampshire
Department of Employment Security,
    Defendant


## O R D E R

Defendants/Counterclaim Plaintiffs, David and Caroline Hulick, move the court to reconsider its recent order (document no. 42), by which it granted in part, and denied in part, the government's motion to dismiss the Hulicks' counterclaims. Specifically, the Hulicks assert that, despite their lack of administrative exhaustion, the equitable doctrine of "recoupment" permits them to maintain their counterclaims under 26 U.S.C. § 7433. The court disagrees.

The doctrine of equitable recoupment has extremely limited application and the Supreme Court has "emphasized that a claim of equitable recoupment will lie only where the Government has taxed

a single transaction, item, or taxable event under two inconsistent theories." United States v. Dalm, 494 U.S. 596, 605 n.5 (1990).  See also Id. at 608 ("In sum, our decisions in Bull and Stone stand only for the proposition that a party litigating a tax claim in a timely proceeding may, in that proceeding, seek recoupment of a related, and inconsistent, but now time-barred tax claim relating to the same transaction."); IES Indus. v. United States, 349 F.3d 574, 581 (8th Cir. 2003) ("[T]he doctrine of equitable recoupment in federal tax jurisprudence allows a court in limited situations to disregard a statute of limitations in order to further the public interest that no one should be permitted to avoid his just share of the tax burden except by positive command of law. . . . As distinguished from offset, equitable recoupment allows the IRS to set off a refund due a taxpayer for one tax year by an underpayment from a different year, but only in the circumstances described by the Court.") (citations and internal punctuation omitted); Rogers v. United States, 281 F.3d 1108, 1128 (10th Cir. 2002) ("It is evident from Supreme Court precedent, however, that recovery using the doctrine of equitable recoupment is restricted to situations where a single transaction or taxable event has been subjected to two taxes on inconsistent legal theories.") (citation and internal punctuation omitted).

The Hulicks have not pointed to any authority - whether binding or merely persuasive - that suggests they might properly invoke the equitable doctrine of recoupment under the circumstances presented in this case.  Consequently, in light of the precedent cited above, the court concludes that such an equitable remedy is unavailable to them in this proceeding.

Defendants' motion to reconsider (document no. 46) is granted.  But, having reconsidered its order of June 30, 2011 (document no. 42), as well as the principles governing application of equitable recoupment, the court is constrained to deny defendants the relief they seek.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

September 28, 2011

cc: Andrea A. Kafka, Esq.
    David E. Will, Esq.
    Joshua M. Wyatt, Esq.
    Charles H. Bradley, III, Esq.
    Richard J. Lavers, Jr., Esq.