**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

United States of America

    v.                                            Case No. 08-cv-499-SM

David M. Hulick; Caroline P.
Hulick; and State of New Hampshire
Department of Employment Security

**O R D E R**

The United States of America has sued to: (1) reduce an
unpaid tax liability owed by David Hulick ("Hulick") to
judgment; (2) establish the validity of federal tax liens on
Hulick's property; (3) foreclose on a parcel of real estate in
which Hulick has an interest; and (4) get permission to conduct
a judicial sale of that property.  Hulick asserts a counterclaim
for breach of contract.  Before the court are the Hulicks'
renewed first motion to compel plus their second motion to
compel.  For the reasons that follow, defendants' renewed first
motion to compel, document no. 69, is granted in part and denied
in part, and their second motion to compel, document no. 53, is
denied.

**Legal Principles**

"Unless otherwise limited by court order, the scope of
discovery . . . [extends to] any nonprivileged matter that is

relevant to any party's claim or defense – including the
existence, description, nature, custody, condition, and location
of any documents . . . .  Relevant information need not be
admissible at the trial if the discovery appears reasonably
calculated to lead to the discovery of admissible evidence."
Fed. R. Civ. P. 26(b)(1).  A party seeking broader discovery,
that is, discovery of "any matter relevant to the subject matter
involved in the action," is required, under the Rule, to show
"good cause."  Id.; see also In re Subpoena to Witzel, 531 F.3d
112, 118 (1st Cir. 2008).  "[T]he purpose of pretrial discovery
is to 'make trial less a game of blindman's bluff and more a
fair contest with the basic issues and facts disclosed to the
fullest practicable extent.'"  Wamala v. City of Nashua, No. 09-
cv-304-JD, 2010 WL 3746008, at *1 (D.N.H. Sept. 20, 2010)
(quoting Macaulay v. Anas, 321 F.3d 45, 53 (1st Cir. 2003)).

    The court, however, "must limit the frequency or extent of
discovery otherwise allowed" if and when it determines that:

> (i) the discovery sought is unreasonably cumulative
> or duplicative, or can be obtained from some
> other source that is more convenient, less
> burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample
> opportunity to obtain the information by
> discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery
> outweighs its likely benefit . . . .

Fed. R. Civ. P. 26(b)(2)(C).

When a party does not produce the discovery requested from it, the Federal Rules permit that party to "move for an order compelling disclosure or discovery."  Fed. R. Civ. P. 37(a)(1). In this court, the party moving to compel discovery over an adversary's objection bears the burden of showing that the information he seeks is relevant and not privileged.  Id. at *2; see also Saalfrank v. Town of Alton, No. 08-cv-46-JL, 2009 3578459, at *3 (D.N.H. Oct. 27, 2009).

## Discussion

With the foregoing principles as a backdrop, the court turns to the specific discovery requests at issue.

### A. Renewed First Motion to Compel

In their renewed first motion to compel, the Hulicks seek responses to four interrogatories and also seek the production of certain documents.

#### 1. Interrogatory #3

In Interrogatory #3, the Hulicks asked the United States to explain how one or more IRS employees calculated certain collection statute expiration dates (or "CSEDs") communicated by the IRS to David Hulick in 2006.  The United States answered: "The United States, in its reply in support of its motion to dismiss . . . sets forth the proper calculation of the CSED, and

shows that this case was timely filed, and attaches its reply hereto as Exhibit C."

In their motion to compel, the Hulicks call the United States' answer evasive.  In response, the United States argues that the thought processes of the IRS agents involved in Hulick's case are irrelevant and that it has produced the IRS's entire case file, including multiple documents that contain the information requested in Interrogatory #3.

Plainly, much in this case turns on determining the correct CSED(s).  As the United States correctly notes, that determination is a question of law.  Mary Beyers' letter to Peter Sang, dated December 19, 2006, explains how the IRS initially determined that the last relevant limitation period was due to expire on October 1, 2008.  That letter is attached to the Hulicks' objection to the United States' first motion to dismiss.  The United States' reply in support of that motion explains the calculation of the July 26, 2009, CSED the IRS now says is correct.  Each one of those calculations is either correct or incorrect, as a matter of law.  Comparison of the two calculation shows the sole difference between them; the first calculation was based on a determination that the limitation period was not tolled during the IRS's consideration of Hulick's first offer in compromise, while the second calculation is based on 355 days of tolling during that same period.  The point is,

4

it appears that everything that the Hulicks seek in
Interrogatory #3 is already a part of the record of this case.
The United States has satisfied its obligations with respect to
this interrogatory.

### 2. Interrogatory #5

In Interrogatory #5, the Hulicks asked the United States to
explain why there was a discrepancy between the two different
CSEDs the IRS calculated, and they requested specific details
concerning the IRS's discovery of that discrepancy and any
actions they took upon discovering it.  The United States
objected on grounds that the information the Hulicks sought was
not relevant and not likely to lead to the discovery of
admissible evidence, and without waiving these objections,
answered by referring the Hulicks to "the proper calculation of
the CSED" as shown in Exhibit C to the United States' reply.
The IRS's discovery of the discrepancy between the CSEDs, and
the actions it took upon discovering the discrepancy are
relevant to the Hulick's estoppel (or affirmative misconduct)
defense and may lead to the discovery of admissible evidence.
The United States' objection is not sufficiently specific and
its reference to the "proper" CSED calculation is not responsive
to the interrogatory.  The United States must respond to
Interrogatory #5 and each subpart therein.

### 3. Interrogatory #10

In Interrogatory #10, the Hulicks asked the United States to identify, with considerable specificity, any IRS personnel who were involved in investigating Hulick's case and pursuing the collection action against him.  The United States objected on grounds of over-breadth and relevance but, without waiving its objections, provided the names of three IRS employees who were involved in investing Hulick's case.  In their motion to compel, the Hulicks argue:

> Interrogatories 10 and 11 inquire about the investigation of Mr. Hulick and others at the Precision companies.  This information is relevant – or at least discoverable – to the Hulicks' defenses and their counterclaims.  As discussed, Mr. Hulick challenges the propriety of the underlying assessment against him.  Similarly, the IRS is bound to follow all applicable law in its collections activity.  The Hulicks, therefore, simply seek information to discern whether and to what extent the IRS improperly assessed the [trust fund recovery penalty] against Mr. Hulick and/or improperly engaged in certain collections activity.

Defs.' Mem. of Law (doc. no. 38-1), at 13.  While this argument is conclusory and lacking in specifics, the court finds that the Hulicks' request for the names of those IRS employees most intimately involved in the investigation of Mr. Hulick is relevant to the Hulicks' defenses in this case.  The United States has supplied the names of three different employees who investigated Mr. Hulick's case.  The court presumes that these three individuals are the key employees responsible for the

investigation.  The United States has not answered the five

subparts in Interrogatory #10 with respect to these three

employees.  Once the United States provides answers to

Interrogatory #10(a)-(e) with respect to the three employees

(whose names the United States has already provided to the

Hulicks), the United States will have satisfied its obligations

with respect to this discovery request.

### 4. Interrogatory #11

In Interrogatory #11, the Hulicks asked the United States

to identify, with considerable specificity, the steps the IRS

took to pursue collection from other responsible persons.  The

United States objected but also provided the following response:

> John Gallichon was assessed for all of the same trust
> fund recovery penalty ("TFRP") periods that Mr. Hulick
> was assessed.  Mr. Gallichon submitted an offer in
> compromise that was accepted and has been completed.
> Also subject to the United States' objection, Allyn
> Caruso was assessed for two of the same TFRPs for the
> period ending June 30, 1994, and the statutory period
> for collections on his account ran in 2007.

Defs.'s Mot. to Compel (doc. no. 38-1), at 12.  The court does

not find the Hulicks' conclusory arguments with respect to this

interrogatory sufficient to carry its burden on relevance.  It

is not clear how the steps the IRS took toward other responsible

persons is relevant to the Hulicks' defense or contract claim,

or likely to lead to admissible evidence.  The limited

7

information the IRS provided in response to this interrogatory more than satisfies the obligations with respect thereto.

### 5. Request for Production #7

In Request for Production #7, the Hulicks asked the United States to produce "a complete copy of the current IRS review manual section(s) governing the 'Collection Process' and all prior versions of the same in effect since June 20, 1993." Defs.' Mem. of Law (doc. no. 38-1), at 12.  The United States objected on grounds that the request was overly broad and unduly burdensome, and also objected on grounds of relevance.  Without waiving its objection, however, the United States provided the Hulicks with an internet link to the complete IRS manual containing its policies and procedures.

According to the Hulicks:

> The relevance of the sought-after documents is or should be obvious.  The IRS manuals directly relate to determining whether and to what extent the IRS followed [its] own procedure in investigating Mr. Hulick (and others), assessing the TFRP against him, and/or then undertaking dubious collection activities, including misrepresenting to him the CSED, allowing him to make voluntary payments after that misrepresentation, and then filing [t]his action to foreclose on his home after "recalculating" the "proper" CSED.

Id. at 14.

Internal IRS policies and procedures governing the collection process, if violated, may be relevant to the Hulicks'

estoppel defense.  To the extent internal policies and procedures may have been violated in this case, such procedures would be those in effect as of 2006, when the IRS provided Mr. Hulick with the 2008 CSED calculations.  It is not clear to the court how policies in existence before or after 2006 are relevant.  Through an estoppel defense, the Hulicks presumably seek to estop the United States from relying on any CSED calculation other than that calculated and communicated to Mr. Hulick in 2006.  Assuming for purposes of this discovery motion that equitable estoppel applies here, to prove entitlement to the defense the Hulicks must prove: (1) the IRS made a "definite misrepresentation of fact" to Mr. Hulick and had reason to believe that he would rely upon it; (2) Mr. Hulick relied on the misrepresentations to his detriment; and (3) such reliance was reasonable.  See Dickow v. United States, 654 F.3d 144, 152 (1st Cir. 2011).  For the moment, the court will put aside the illogic of attempting to prove that the IRS committed misconduct by providing a 2006 calculation that turned out to be more favorable to Mr. Hulick than that the IRS made at a subsequent date.  That aside, any alleged misconduct would have occurred in or around 2006, when the IRS made and communicated the calculation subject to putative estoppel.

Accordingly, the Hulicks' motion to compel a response to Request for Production #7 is granted only with respect to any

portions of an IRS manual governing the "Collecting Process" in effect in 2006. To the extent, therefore, that the current manual is identical in this respect to any manual(s) in effect in 2006, the United States has satisfied its obligations with respect to this discovery request.

### B. Second Motion to Compel

In their second motion to compel, the Hulicks ask the court to compel the United States to answer certain interrogatories and produce various documents. In their second set of interrogatories, the Hulicks asked the United States about: (1) the documents and persons it consulted when responding to the Hulicks' first set of interrogatories (Interrogatory #18); (2) the IRS's document-storage procedures (Interrogatory #19); (3) documents that were responsive to their first sets of discovery requests but are no longer available to the IRS (Interrogatory #20); (4) the IRS's policies for document retention and/or destruction from 1993 to the present (Interrogatory # 21). In addition, in Interrogatory #22, the Hulicks asked the United States to

> identify each and every reason why, exclusive of claimed privilege or work-product protection, only 659 pages of documents were produced by you in response to:

>> (a) David M. Hulick's and Caroline P. Hulick's First Set of Interrogatories Propounded Upon

> Plaintiff United States of America (Nos. 1 to
> 17); or
>
> (b) David M. Hulick's and Caroline P. Hulick's
> First Set of Document Requests Propounded Upon
> Plaintiff United States of America (Nos. 1 to
> 15).

Defs.' Second Mot. to Compel, Ex. 1 (doc. no. 53-2), at 11.  In

their second set of document requests, the Hulicks asked the

United States to produce all documents referred to in response

to Interrogatories 18 through 22, including any policies

pertaining to document retention and/or destruction.

In response, the United States objected to the number of

interrogatories propounded by the Hulicks and to the burdensome

nature of the second sets of discovery requests.  In addition,

the United States objected on grounds of relevance, and also

asserted that Interrogatory #19 requested electronically stored

information which, in its view, is not discoverable under the

agreed-upon discovery plan.

Rather than sorting through each of the United States'

objections, the court turns directly to the dispositive issue:

relevance.  This is a case about whether Hulick is liable to the

IRS and, if so, whether the IRS may satisfy that liability by

placing a lien on the Hulicks' house, foreclosing, and then

selling the house.  Aside from the estoppel defense, which

arguably allows limited inquiry into the IRS's CSED calculation

in 2006, this is not a case about the internal operations of the

IRS.  Additionally, the Hulicks' belief that the IRS must have more documents than it produced does not make the IRS's document-retention policies and procedures relevant.

As for Interrogatory #22, which asks why the IRS only produced 659 pages of documents, the Hulicks already have the answer: the IRS produced 659 pages of documents because the IRS believed it had only 659 pages of responsive documents to produce.  The IRS has stated that it produced the entire IRS administrative file pertaining to this case.  The United States has satisfied its obligations with respect to this interrogatory and the remainder of discovery requested in the Hulicks' second motion to compel.

### Conclusion

For the foregoing reasons, the Hulicks' renewed first motion to compel, document no. 69, is granted in part and denied in part and their second motion to compel, document no. 53, is denied.  While the renewed first motion to compel is granted in part, the court declines to award any attorneys' fees.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

November 3, 2011

cc:  Patrick B. Gushue, Esq.
     Andrea A. Kafka, Esq.

Richard J. Lavers, Jr., Esq.
Daniel E. Will, Esq.
Joshua M. Wyatt, Esq.