UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>,
      Plaintiff

      v.                                    Case No. 08-cv-499-SM
                                            Opinion No. 2012 DNH 014
<u>David M. Hulick and</u>
<u>Caroline P. Hulick</u>,
      Defendants/
      Counterclaim Plaintiffs

and

<u>State of New Hampshire</u>
<u>Department of Employment Security</u>,
      Defendant/
      Counterclaim Plaintiff

### <u>O R D E R</u>

     By order dated December 7, 2011, the court denied cross-
motions for summary judgment filed by the Hulicks and the
Internal Revenue Service, concluding that the existence of
genuinely disputed material facts precludes the entry of judgment
as a matter of law in favor of either party.  The Hulicks seek
clarification of that order, raising two points.

     First, David Hulick says that his deposition testimony
establishes that he "had nothing to do with Maine Aviation at any
point in time," and the government did not attempt to contradict
that fact with admissible evidence.  Therefore, he argues, he
cannot be found to be a "responsible person" with respect to

Maine Aviation given the undisputed fact that he played no role in the company.  Motion for Clarification (document no. 81) at 2 (quoting Hulick deposition (document no. 48-4) at 12). Consequently, he cannot be held legally responsible for the Trust Fund Recovery Penalty ("TFRP") related to Maine Aviation that was assessed against him.  Second, the Hulicks say the court erred by failing to "rule upon the Hulicks' (unopposed) summary judgment motion as to the [New Hampshire Dept. of Employment Security] claim."  Motion for Clarification at 3.


## Discussion

As discussed more fully in the court's prior order, the Internal Revenue Service determined that Hulick was a "responsible person" with respect to seven related companies associated with the Manchester-Boston Regional Airport: Aviation Jet Services; Inflight Service, Inc.; Aviation Jet Services-Manchester; Jet Ground Support Services, Inc.; Precision Turbines, Inc.; Precision Aviation; and Northeast Express Regional Airlines.  The IRS also concluded that he was a responsible person with respect to one aviation-related company associated with the airport in Portland, Maine: Maine Aviation Corporation.  Accordingly, the IRS looked to Hulick, personally, for payment of taxes and F.I.C.A. contributions that had been withheld by those companies from employees' paychecks, but never

remitted to the IRS.  In other words, the government claims
Hulick is liable for TFRPs relating to those eight companies.
See generally 26 U.S.C. § 6672(a).

    At this juncture - particularly in light of Hulick's motion
for clarification - it should probably be noted that neither
Hulick nor the IRS has clearly described Hulick's (alleged) role
with respect to each of the eight individual companies.  The
parties - the government in particular - tend to avoid precision,
preferring instead to employ gross generalities, referring to
various companies collectively as the "Airline Companies" or the
"Jet Companies."  See, e.g., United States' Motion for Summary
Judgment (document no. 50) at 1-2; United States' Memorandum
(document no. 50-1) at 3; Hulicks' Memorandum in Opposition
(document no. 57-2) at 13.  More importantly, however, the
government has never identified which assessments related to the
eight companies it actually seeks to recover in this litigation.
Its pleadings and memoranda group the companies together as if
they were a single entity.  See, e.g., Complaint (document no. 1)
at 2-3.  While the government says Hulick is liable for distinct
TFRPs relating to each of the eight companies, its complaint is
ambiguous in that it does not describe Hulick's liability-
generating activity on a company by company basis.

I.   <u>The Specific Claims Pending Against Mr. Hulick</u>.

It is time to clarify precisely what is sought in this litigation.  The government's complaint is not clear and its various memoranda needlessly blur and confuse what should be a fairly straight-forward case.

Careful reading of the complaint, and consideration of the record evidence (particularly the various notices of assessment the IRS issued to Hulick), discloses that the government seeks a judgment that Hulick is liable for <u>two</u> Trust Fund Recovery Penalty assessments - one relating to Precision Valley Aviation and one relating to Maine Aviation Corporation.  Parenthetically, the court notes that the government thinks its complaint asserts claims relating to all eight companies (the one in Maine, and the seven in Manchester).  <u>See, e.g.</u>, Government's Motion for Summary Judgment (document no. <u>50</u>) at 1-2 (seeking a judgment that "David H. Hulick be deemed a responsible person of the <u>seven</u> aviation-related companies associated with the Manchester, New Hampshire International Airport.") (emphasis supplied).

A.   Maine Aviation Corp.

The first assessment at issue in this case was made on March 17, 1997, in the amount of $28,375.19.  <u>See</u> Complaint at 2-3, para. 6.  As the government correctly notes, that assessment

4

relates exclusively to Maine Aviation Corporation.  <u>See</u> Complaint
at 3, n. 4.  <u>See also</u> Exhibit 11 to Hulick Affidavit (document
no. <u>48-26</u>) (IRS notice of assessment of TFRP against Hulick for
Maine Aviation Corporation in the amount of $28,375.19 - that is,
the precise amount of the second of two assessments specified in
paragraph 6 of the government's complaint).

      B.    Precision Valley Aviation.

      The second assessment at issue in this litigation is for the
tax periods ending on June 30, 1994, in the amount of
$485,713.43.  Complaint at 2-3, para. 6.  The government says
that particular assessment "relate[s] to the seven Manchester,
New Hampshire International Airport companies."  Complaint at 3,
n.3.  That statement seems incorrect (and the government's
adherence to that view is likely the major source of confusion in
this litigation).  Instead, that assessment relates <u>exclusively</u>
to Precision Valley Aviation, Inc.  <u>See, e.g.</u>, Exhibit 4 to
Hulick Affidavit (document no. <u>48-19</u>) (IRS notice of assessment
of TFRP for tax period ending June 30, 1994, against Hulick for
Precision Valley Aviation in the amount of $485,713 - that is,
the precise amount of the first of two assessments specified in
paragraph 6 of the government's complaint).  <u>Compare</u> Government's
Response to Hulick's Interrogatories (document no. <u>48-35</u>)
(confirming that the Trust Fund Recovery Penalty for the tax

quarters ending June 30, 1994, and for which Hulick is allegedly responsible is $485,713), <u>with</u> Declaration of IRS Agent Rai Shepardson (document no. 50-3) at para. 3 (stating that the total assessment for all seven companies associated with the Manchester airport is $873,125.80 - i.e., substantially more than the figure identified in the government's complaint).

In his memorandum in support of summary judgment, Hulick points out the government's mistaken understanding of precisely what its complaint alleges and, therefore, what is at issue in this litigation:

> Though the Complaint purports to rest on Mr. Hulick's activities with respect to eight separate companies (the two airlines, five of the Jet Companies, and Maine Aviation Corporation), the United States actually seeks relief with respect to **only two** separate assessments: (1) an assessment on February 3, 1997 for $485,713.43, and (2) an assessment on March 17, 1997 for $28,375.19.

<u>Id</u>. (document no. 48-1) at 21, para. 116 (emphasis in original)(citations omitted).  In its response to that specific assertion, the government did not dispute that the complaint identifies only those two assessments:

> The United States does not dispute that it appears that the only companies Hulick was formally assessed for are Precision Valley on February 3, 1997 for $485,713.43, and the Maine Aviation Company [sic] on March 17, 1997 for $28,375.19.  The United States further notes that Hulick admits that his primary responsibility with the Airline Companies was with Precision Valley, whose

6

> outstanding tax assessment as of August 10, 2011,
> totals $2,360,024.75.

Government's Response to Defendants' Statement of Facts (document
no. 58-2) at 34 (citations omitted).  The only plausible reading
of that response is that the government admits that it has only
sued Hulick to recover TFRPs for Precision Valley and Maine
Aviation.[1]  In short, while the government continues to argue
about Hulick's alleged liability with respect to all seven of the
Manchester-based companies, the complaint only seeks judgment
with regard to one of them: Precision Valley Aviation.  The
government has conceded that point.

Consequently, as to Hulick's alleged liability for TFRPs,
the only issues presented in this case are: (1) whether Hulick is
a responsible person with respect to Precision Valley Aviation
for the tax periods ending June 30, 1994; and (2) whether he is a
responsible person with respect to Maine Aviation Corporation,
for the tax periods ending September 30, 1994.

---

[1]     The court will not ascribe any intent to engage in
sharp practice to the government because it employed the limiting
phrase "it appears."  The government plainly meant to concede the
point.

II.  <u>Trust Fund Recovery Penalties for Maine Aviation Corp.</u>

        Turning to the Hulicks' motion for clarification, the IRS's position is one of indifference.  It has neither objected nor otherwise responded to the motion, and so does not dispute their claim that Mr. Hulick was not involved "in any way" with Maine Aviation.  <u>See, also</u>, United States' Opposition to Defendants' Statement of Facts (document no. 58-2) at 29-30 (in response to Hulick's assertion that he "had nothing to do with Maine Aviation at any point in time," the government stated that "This fact is not material, as there is not a genuine issue of fact to be tried as to this assertion.").

        Given that the IRS remains mute,[2] and given its earlier response to Hulick's factual claims about his lack of involvement with Maine Aviation, the court accepts as undisputed that Hulick had no relationship with Maine Aviation.  Accordingly, he cannot be found to be a "responsible person" as to that company, and so cannot be held liable for the Trust Fund Recovery Penalty assessed against him related to that company's failure to remit withheld taxes.  On that specific claim, then, Hulick is entitled to entry of judgment as a matter of law.

_____

        [2]    Having failed to file any timely response to Hulick's motion for clarification, the IRS is deemed to have waived any objection to the relief he seeks.  <u>See</u> Local Rule 7.1(b).

III.  <u>The Hulicks' Alleged Claim Against the New Hampshire
      Department of Employment Security ("NHDES")</u>.

Next, the Hulicks "seek clarification as to their unopposed
motion for summary judgment on [NHDES's] claim."  Motion for
Clarification (document no. <u>81</u>) at 3.  The Hulicks go on to
assert that, "As set forth above and in the Hulicks' summary
judgment motion, the [NHDES's] claim fails as a matter of law,
and summary judgment is appropriate, because the undisputed
factual record demonstrates that [NHDES] is time-barred from
enforcing its lien."  <u>Id</u>.


The United States initiated this action by filing suit
against David and Caroline Hulick, seeking to recover TFRPs for
which Mr. Hulick is allegedly responsible and to foreclose its
lien on property in which both Hulicks have an interest - their
family home.  The government also named as a defendant the New
Hampshire Department of Employment Security because it, too,
claims an interest in (i.e., has a lien upon) that same property.
<u>See generally</u> Complaint (document no. <u>1</u>).  The NHDES answered the
complaint and filed a <u>counterclaim</u> <u>against</u> <u>the</u> <u>United</u> <u>States</u>,
asserting that its own lien on the subject property is superior
to the United States' tax lien.  Answer and Counterclaim
(document no. <u>7</u>).  The Hulicks answered the IRS's complaint
against them and also filed counterclaims <u>against</u> <u>the</u> <u>United</u>
<u>States</u>.  Amended Answer and Counterclaims (document no. <u>33</u>).

Importantly, however, the Hulicks did <u>not</u> file any <u>cross-claims</u> against the co-defendant, the NHDES.  Nor did the NHDES file any cross-claims against the Hulicks.

So, while the Hulicks' earlier references to the alleged unenforceability of the NHDES's lien and their claimed entitlement to "summary judgment" on all "claims" asserted by NHDES against them were curious, there was no need to address them.  But, in light of the pending motion, clarification is probably appropriate: The NHDES has asserted no legal claims against the Hulicks; the Hulicks have asserted no legal claims against the NHDES.  Because the NHDES has no claim pending against the Hulicks and the Hulicks have no claim pending against the NHDES, summary judgment in favor of or against the Hulicks is not an issue.  The Hulicks are not entitled to "summary judgment" on their general assertions in legal memoranda, untethered to an actual claim, that the NHDES's lien against their home is invalid and/or otherwise unenforceable.

### Conclusion

The Hulicks' motion for clarification (document no. 81) is granted in part.

The government does not dispute Hulick's assertion that he cannot, as a matter of law, be treated as a responsible person with regard to Maine Aviation.  Hulick is, then, entitled to summary judgment on the government's claim that he is liable for Trust Fund Recovery Penalties relating to that company.

Because Hulick is entitled to summary judgment on the government's claim that he is liable for the TFRP assessment for Maine Aviation, the only assessment that remains at issue in this case is the one levied on February 3, 1997, in the amount of $485,713.43, relating to Precision Valley Aviation, Inc., for the tax periods ending June 30, 1994.  Accordingly, the issues to be resolved at trial will focus on the nature and scope of Hulick's role at Precision Aviation and whether he is a "responsible person" as to that company, under 26 U.S.C. § 6672(a).

The Hulicks' assertion that they are entitled to judgment as a matter of law on the New Hampshire Department of Employment Security's "claim" against them is plainly incorrect given that the NHDES has asserted no claims against them.

   **SO ORDERED.**

_____
Steven J. McAuliffe
District Judge

January 18, 2012

11

cc:  Andrea A. Kafka, Esq.
     Patrick B. Gushue, Esq.
     Daniel E. Will, Esq.
     Joshua M. Wyatt, Esq.
     Richard J. Lavers, Jr., Esq.