UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

United States of America,
        Plaintiff

        v.                                    Case No. 08-cv-499-SM
                                              Opinion No. 2012 DNH 035
David M. Hulick and
Caroline P. Hulick,
        Defendants/
        Counterclaim Plaintiffs

and

State of New Hampshire
Department of Employment Security,
        Defendant/
        Counterclaim Plaintiff

<u>**O R D E R**</u>

The government seeks leave to amend its complaint "to
clarify and correct a mistake in describing a trust fund recovery
assessment" it hopes to recover from David Hulick (at least in
part by foreclosing its federal tax lien on Hulick's interest in
his family's home).  That motion is denied for a number of
reasons, including the following:

-        The motion to amend is untimely.  The
         scheduling order and discovery plan adopted
         by the court on November 10, 2010 (document
         no. 24), established a February 15, 2011,
         deadline for amendments to the pleadings - a
         deadline that passed more than a year ago;

-        Discovery closed on September 1, 2011, and
         this case is currently scheduled for trial in

June.  Granting the government's motion would cause undue delay;

- Allowing the proposed amendment would unfairly prejudice defendants;

- This is not the first time the government's inattention to detail has prejudiced (or would prejudice) the Hulicks (see, e.g., the court's earlier discussion of the government's erroneous calculation of the relevant CSEDs - revealed only after the Hulicks dutifully made substantial monthly payments to the IRS and reasonably believed they had satisfied their obligations to the government);

- The "mistakes," "errors," and "misunderstandings" of the record evidence that the government now seeks to correct were pointed out by the Hulicks (repeatedly) many months ago.  And, when the Hulicks raised them (again) in their motion to reconsider, the court noted that the IRS responded with silent "indifference."  Order (document no. 82) at 8;

- More is expected of the government in conducting litigation.  Its history of carelessness and nonchalance in prosecuting this case counsels strongly against granting its tardy motion to amend;[1]

- The government has not shown good cause for its delay in seeking to amend the complaint. Although the government's motion invokes the lenient provisions of Rule 15(a), it fails to satisfy (or even acknowledge) the more

---

[1]    For example, only now does the government concede that there is no evidence that Hulick had any role whatsoever in Maine Aviation - despite pursuing him since 1997 for trust fund recovery penalties related to that company.  One would hope (and expect) that agents of the IRS and their legal counsel would exercise a bit more caution and attention to detail before bringing the full weight of the federal government to bear against a taxpayer.

rigorous, and applicable, requirements of
Rule 16(b).  <u>See generally</u> <u>Steir v. Girl
Scouts of the USA</u>, 383 F.3d 7, 12 (1st Cir.
2004); <u>O'Connell v. Hyatt Hotels</u>, 357 F.3d
152, 154 (1st Cir. 2004).  <u>See also</u> <u>Rosario-
Diaz v. Gonzalez</u>, 140 F.3d 312, 315 (1st Cir.
1998) (noting that "[c]arelessness is not
compatible with a finding of diligence");
<u>Feliciano-Hernandez v. Pereira-Castillo</u>, 663
F.3d 527, 538 (1st Cir. 2011) (noting that
"protracted delay, with its attendant burdens
on the opponent and the court, is itself a
sufficient reason for the court to withhold
permission to amend").

For the foregoing reasons, as well as those set forth in the
Hulicks' memorandum (document no. 86), the government's motion to
amend the complaint (document no. 84) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

March 16, 2012

cc:  Patrick B. Gushue, Esq.
     Andrea A. Kafka, Esq.
     Richard J. Lavers, Jr., Esq.
     Gerald C. Miller, Esq.
     Daniel E. Will, Esq.
     Joshua M. Wyatt, Esq.