UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>,
    Plaintiff

    v.                                                    Case No. 08-cv-499-SM
                                                        Opinion No. 2012 DNH 035
<u>David M. Hulick</u> and
<u>Caroline P. Hulick</u>,
    Defendants/
    Counterclaim Plaintiffs

and

<u>State of New Hampshire</u>
<u>Department of Employment Security</u>,
    Defendant/
    Counterclaim Plaintiff


**O R D E R**


The government seeks leave to amend its complaint "to clarify and correct a mistake in describing a trust fund recovery assessment" it hopes to recover from David Hulick (at least in part by foreclosing its federal tax lien on Hulick's interest in his family's home). That motion is denied for a number of reasons, including the following:

- The motion to amend is untimely. The scheduling order and discovery plan adopted by the court on November 10, 2010 (document no. 24), established a February 15, 2011, deadline for amendments to the pleadings - a deadline that passed more than a year ago;

- Discovery closed on September 1, 2011, and this case is currently scheduled for trial in

       June.  Granting the government's motion would cause undue delay;

- Allowing the proposed amendment would unfairly prejudice defendants;

- This is not the first time the government's inattention to detail has prejudiced (or would prejudice) the Hulicks (<u>see, e.g.</u>, the court's earlier discussion of the government's erroneous calculation of the relevant CSEDs - revealed only after the Hulicks dutifully made substantial monthly payments to the IRS and reasonably believed they had satisfied their obligations to the government);

- The "mistakes," "errors," and "misunderstandings" of the record evidence that the government now seeks to correct were pointed out by the Hulicks (repeatedly) many months ago.  And, when the Hulicks raised them (again) in their motion to reconsider, the court noted that the IRS responded with silent "indifference."  Order (document no. 82) at 8;

- More is expected of the government in conducting litigation.  Its history of carelessness and nonchalance in prosecuting this case counsels strongly against granting its tardy motion to amend;[1]

- The government has not shown good cause for its delay in seeking to amend the complaint.  Although the government's motion invokes the lenient provisions of Rule 15(a), it fails to satisfy (or even acknowledge) the more

---

[1] For example, only now does the government concede that there is no evidence that Hulick had <u>any</u> role whatsoever in Maine Aviation - despite pursuing him since 1997 for trust fund recovery penalties related to that company.  One would hope (and expect) that agents of the IRS and their legal counsel would exercise a bit more caution and attention to detail before bringing the full weight of the federal government to bear against a taxpayer.

>rigorous, and applicable, requirements of Rule 16(b).  <u>See generally</u> <u>Steir v. Girl Scouts of the USA</u>, 383 F.3d 7, 12 (1st Cir. 2004); <u>O'Connell v. Hyatt Hotels</u>, 357 F.3d 152, 154 (1st Cir. 2004).  <u>See also</u> <u>Rosario-Diaz v. Gonzalez</u>, 140 F.3d 312, 315 (1st Cir. 1998) (noting that "[c]arelessness is not compatible with a finding of diligence"); <u>Feliciano-Hernandez v. Pereira-Castillo</u>, 663 F.3d 527, 538 (1st Cir. 2011) (noting that "protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend").

For the foregoing reasons, as well as those set forth in the Hulicks' memorandum (document no. 86), the government's motion to amend the complaint (document no. 84) is denied.

   **SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

March 16, 2012

cc:  Patrick B. Gushue, Esq.
     Andrea A. Kafka, Esq.
     Richard J. Lavers, Jr., Esq.
     Gerald C. Miller, Esq.
     Daniel E. Will, Esq.
     Joshua M. Wyatt, Esq.