**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


<u>United States of America</u>

    v.                                        Civil No. 08-cv-499-SM

<u>David M. Hulick; Caroline P.
Hulick; and State of New Hampshire
Department of Employment Security</u>


**O R D E R**

In an order dated March 1, 2012, document no. 87, the government was directed to show cause why it should not be required to pay the costs and fees incurred by David and Caroline Hulick in successfully moving to compel the production of two revenue officers for depositions.  Plaintiff's explanations are not persuasive.

Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides for the payment of reasonable expenses, including attorney's fees, by a party that has been the target of a successful motion to compel.  But,

the court must not order [such a] payment if:

  **(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

  **(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or

>    **(iii)** other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).  In its March 1 order, the court directed the government to explain

> why it was necessary for the Hulicks to litigate this discovery dispute in the face of: (a) the court's having granted the parties' joint request for a continuance, (b) the court's subsequent ruling that the Hulicks' outstanding request to extend discovery (to allow for these depositions prior to trial) was moot, and (c) the government's agreement in principle, at an earlier point in this litigation, to extend discovery to allow for these depositions prior to trial.

Document no. 87, at 1-2.  In other words, the court directed briefing on the issue addressed by Rule 37(a)(5)(A)(ii).

In its response, the government both exceeded the scope of the court's order, by offering unsolicited arguments on the issues addressed by Rule 37(a)(5)(A)(i) & (iii), and provided substantially less than what the court asked for with respect to Rule 37(a)(5)(A)(ii).  The government devotes much of its attention to the court's first area of concern and argues logically, if not plausibly, that it did not understand the court's continuance to reopen deadlines that had already passed.  But, with regard to the court's second area of concern, the government misses the mark.  While it appears to assert that it was justified in its interpretation of Judge McAuliffe's order mooting the Hulicks' request to extend discovery, it offers no

actual explanation of that position.  Moreover, if Judge McAuliffe had intended to convey the meaning the government ascribes to his order, he could have written "Denied as Moot" rather than "Moot."  Finally, the government appears to evade completely the court's directive that it address its earlier agreement in principle with the Hulicks that it would agree to extend discovery to allow for the depositions at issue.

In sum, the government has fallen short in responding to the court's order of March 1, 2012.  Accordingly, the government is ordered to pay the reasonable expenses, including attorney's fees, incurred by the Hulicks in moving to compel the government to produce the two revenue agents for depositions.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

May 2, 2012

cc: Patrick B. Gushue, Esq.
 Andrea A. Kafka, Esq.
 Richard J. Lavers, Jr,. Esq.
 Gerald C. Miller, Esq.
 Daniel E. Will, Esq.
 Joshua M. Wyatt, Esq.